# Supreme Court of Florida

_____

No. SC2024-1403

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION.**

December 18, 2025

PER CURIAM.

In 2021, Chief Justice Canady issued an administrative order establishing the Workgroup on Judicial Practices in the Trial Courts to review the implementation of trial judges' procedures for practice within their individual courtrooms to determine whether the instructions were accessible, understandable, and consistent with court rules and law. *See* Fla. Admin. Order No. AOSC21-57. During its review, the Workgroup determined that there was confusion regarding the distinction between local rules and administrative orders. The Court then asked the Local Rule Advisory Committee (LRAC) to review the Workgroup's report and determine whether the rules should be amended to provide clarification.

In response to the Court's referral, the LRAC filed a report proposing amendments to Florida Rules of General Practice and Judicial Administration 2.120 (Definitions), 2.140 (Amending Rules of Court), and 2.215 (Trial Court Administration).[1] The Court published the proposal, three comments were received, and the LRAC filed a response which included an updated proposal based on the comments.

We now amend rules 2.120, 2.140, and 2.215. First, we amend the definitions in rule 2.120 to expressly explain that chief judges may issue administrative orders to establish rules of practice or procedure as long as they are not inconsistent with the constitution, court rules, local court rules, or this Court's administrative orders. And the definitions in rule 2.120 are amended to clarify that local court rules address matters required by the Florida Constitution, general law, rules of court, or supreme court opinions to be adopted in local court rules. Next, we amend rule 2.215 to simplify the process for the promulgation of local

---

[1] We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

court rules.  Finally, we amend rule 2.140 consistent with our amendments to rule 2.215.

The Court hereby amends the Florida Rules of General Practice and Judicial Administration as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments to the rules shall become effective January 1, 2026, at 12:02 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Judge Ross Bilbrey, Chair, Local Rules Advisory Committee, Tallahassee, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Michael Robert Ufferman, Chair, Rules of General Practice and Judicial Administration Committee, Tallahassee, Florida, Hon. Santo DiGangi, Past Chair, Rules of General Practice and Judicial Administration Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida; John K. Londot and M. Hope Keating of Greenberg Traurig, P.A., on behalf of Florida Association of Court Clerks, Inc. d/b/a

Florida Court Clerks & Comptrollers, Tallahassee, Florida; and Thomas D. Hall of The Mills Firm, PLLC, Tallahassee, Florida,

Responding with comments

# APPENDIX

**RULE 2.120.  DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a)** [No Change]

**(b) Local Court Rule:**

~~(1) A rule of practice or procedure for circuit or county application only that, because of local conditions, supplies an omission in or facilitates application of a rule of statewide application and does not conflict therewith.~~

~~(2)~~ A rule that addresses ~~other~~ matters ~~that are~~ required by the Florida Constitution, general law, rules of court, or a supreme court opinion to be adopted ~~by or~~ in a local <u>court</u> rule.

**(c) Administrative Order:** A directive<u>,</u> ~~necessary to administer properly the court's affairs but not inconsistent with the constitution or with court rules and administrative orders entered by the supreme court~~<u>that may include rules of practice or procedure, issued to administer the court's affairs. An administrative order issued by a chief judge must not be inconsistent with the constitution, court rules, local court rules, or with administrative orders entered by the chief justice of the supreme court.</u>

**RULE 2.140.  AMENDING RULES OF COURT**

**(a)–(g)** [No Change]

**(h) Local <u>Court</u> Rules ~~Proposed by Trial Courts~~.** The ~~foregoing~~ procedure<u>s</u> ~~shall not apply~~<u>set forth in this rule are inapplicable</u> to local <u>court</u> rules ~~proposed by a majority of circuit and county judges in the circuit~~. The chief justice of the supreme

court may appoint a Local Rule Advisory Committee to ~~consider and~~ make recommendations to the court concerning local court rules ~~and administrative orders~~ submitted pursuant to rule 2.215(e).

**Committee Notes**

[No Change]

## RULE 2.215.   TRIAL COURT ADMINISTRATION

**(a)–(d)** [No Change]

**(e) Local Court Rules and Administrative Orders.**

(1)   Local court rules as defined in rule 2.120 may be proposed by ~~a majority of the circuit and county judges in the circuit~~a chief judge after consulting other judges in the circuit. The chief judge~~s~~ must notify ~~the~~any local bar association within the circuit of the proposal, after which ~~they~~the chief judge must permit ~~a representative of the local bar, and may permit~~ any ~~other~~ interested person~~,~~ to be heard orally or in writing on the proposal before submitting it to the supreme court for approval. When a proposed local court rule is submitted to the supreme court for approval, the following procedure applies.

(A) Local court rule proposals must be submitted by a chief judge to the clerk's office in the supreme court ~~in January of each year. The supreme court may accept emergency proposals submitted at other times.~~

(B) The clerk of the supreme court must submit all local court rule proposals to the Supreme Court Local Rules Advisory Committee ~~by February 15 of each year~~within 20 days of receipt from the chief judge. At the same time, the clerk of the supreme court must send copies of the proposed rules to the ~~appropriate~~ committees of The Florida Bar impacted by the local court rule along with a notice indicating a date when comments must be filed. The Florida Bar committees, any interested local bar

associations, and any other interested person must submit any comments or responses that they wish to make to the Supreme Court Local Rules Advisory Committee ~~on or before March 15 of that year~~by the time set forth in the notice.

(C) The Supreme Court Local Rules Advisory Committee must ~~meet on or before April 15 to~~ consider the proposals and any comments submitted by interested parties. The committee must transmit its recommendations to the supreme court concerning each proposal, with the reasons for its recommendations, within ~~15~~75 days after ~~its meeting~~receiving the proposal from the supreme court clerk.

(D) ~~The supreme court must consider the committee's recommendations and may resubmit the proposals with modifications to the committee for editorial comment only.~~ The supreme court may set a hearing on any proposals or consider them on the recommendations and comments as submitted. If a hearing is set, notice must be given to the chief judge of the circuit from which the proposals originated, the executive director of The Florida Bar, the chair of the Rules of General Practice and Judicial Administration Committee of The Florida Bar, any local bar associations, and any interested persons who made comments on the specific proposals to be considered. ~~The supreme court must act on the proposals promptly after the recommendations are received or heard.~~

(E)-(F) [No Change]

(2) ~~Any judge or member of The Florida Bar who believes that an administrative order promulgated under subdivision (b)(2) of this rule is a court rule or a local rule as defined in rule 2.120, rather than an administrative order, may apply to the Supreme Court Local Rules Advisory Committee for a decision on the question. The decisions of the committee concerning the determination of the question must be reported to the supreme court, and the court must follow the procedure set forth in subdivision (D) above in considering the recommendation of the committee.~~A challenge to an administrative order on the ground

that it is inconsistent with a constitution, court rules, local court rules, or with administrative orders entered by the chief justice of the supreme court must be made either by a petition for an extraordinary writ or an objection before the trial court in a pending case in which the administrative order applies.

(3) The chief judge of the circuit must publish current administrative orders on the circuit court's website and retain copies of the current, vacated, or rescinded administrative orders to be available for inspection as a public record and provided to any requesting party on payment of the cost of duplication. The chief judge must direct a review of all local administrative orders on an annual basis to ensure that the set of copies maintained by the clerk remains current and does not conflict with supreme court or local court rules.

(4) [No Change]

**(f) – (j)** [No Change]

## Committee Notes

[No Change]

## Court Commentary

**1996-2002 Court Commentary.** [No Change]

**2025 Court Commentary.** The definitions of local court rules and administrative orders were amended to allow rules of practice and procedure to be issued in administrative orders from trial court chief judges instead of being issued by the local court rules approval process.

## Criminal Court Steering Committee Note

[No Change]